UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LIONEL LEWIS,

                            Plaintiff,

          -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
and POLICE OFFICER M. RALEIGH OF
the 23RD PRECINCT, and OFFICERS JOHN DOE #1 and JOHN
DOE #2 OF THE 23RD PRECINCT, individually and in their
official capacities, (the names John
Doe being fictitious, as the true names are presently
unknown),

                            Defendants.
-------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT AND
DEMAND FOR A JURY
TRIAL**

1:18-cv-05510-JGK

ECF CASE

Plaintiff, LIONEL LEWIS, by his attorney, HOWARD D. SIMMONS, ESQ., complaining of defendants, alleges as follows:

## INTRODUCTION

1.    This is an action for compensatory and punitive damages for violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and for assault and battery, false arrest, use of excessive force, unlawful imprisonment, malicious prosecution, negligent retention and hiring, abuse of process, and violation of state and federal civil rights as a result of the bodily assault, unlawful detention and confinement of claimant committed by The City of New York, its agents, servant, and/or its employees.

## JURISDICTION

2.    This action arises in part under the Fourth Amendment of the Constitution of the United States, pursuant to 42 U.S.C §1983.

3.      Jurisdiction is founded on the existence of a federal question, upon 28 U.S.C §§ 1331, 1343(3) and (4).

## VENUE

4.      Venue is properly laid in the United States District Court for the Southern District of New York under U.S.C §1391(b), in that all claims arose in this district.

5.      An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

7.      Plaintiff LIONEL LEWIS is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of New York.

8.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant THE CITY OF NEW YORK ("City") maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10.     That at all times hereinafter mentioned, the individually named defendant P.O.s M. RALEIGH and JOHN DOES #1-2, all three of the 23rd Precinct, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

2

11.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of law and/or in practices of the State or City of New York. New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTUAL ALLEGATIONS**

14.     That on or about June 24, 2015, at approximately 10:30 p.m., plaintiff LIONEL LEWIS was at the corner of 113th Street and 2nd Avenue, in the County, City and State of New York.

15.     At aforesaid time and place, plaintiff LIONEL LEWIS was riding his bicycle when defendant POLICE OFFICERS cut him off with their police car, striking him on his left leg and knocking him to the ground.

16.     As a result of the Officers' unwarranted and unjustified actions and flagrant use of excessive force, Plaintiff LIONEL LEWIS was caused by them to suffer a broken wrist, fractured ribs, and bruised knees.

17.     The aforementioned Police Officers proceeded to put the plaintiff, LIONEL LEWIS, in handcuffs despite his broken wrist.

18.     After recognizing the severity of plaintiff's injuries, plaintiff was transported to Metropolitan Hospital for medical treatment, where he was diagnosed with a fractured right wrist and fractured ribs. The treating physician in the emergency room placed a metal slip-on cast on plaintiff's right arm.

19.     On or about June 24, 2015, plaintiff LIONEL LEWIS, following his treatment at Metropolitan Hospital, was arrested and taken to Riker's Island Correctional Facility.

20.     Plaintiff, LIONEL LEWIS was then confined to a jail cell.

21.     On or about June 30, 2015, the charges against plaintiff , which were assigned Docket # 2015NY040317 in the Criminal Court of NYC,  were resolved with time served.

22.     As a result of the aforesaid illegal police conduct and use of excessive force by Police Officer M. Raleigh and two other police officers, plaintiff suffered injuries aforesaid and suffered physically and emotionally as a consequence of his false arrest and unlawful imprisonment from the time of his arrest on June 24, 2015 until the charges were finally resolved on June 30, 2015.

23.     Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including plaintiff, in its procedures for police officers in their duties, including but not limited to the fact that defendant City and/or NYPD knew of defendant Police Officer's tendencies to make unlawful arrests, unlawful seizures, engage in the use of excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

24.     Upon information and belief, defendant CITY, its agents', servants', and/or employees' failed to properly supervise and monitor defendant POLICE OFFICERS.

25.     As a result of the defendant CITY, its agents', servants', and/or employees' failure to properly supervise and monitor defendant POLICE OFFICERS, plaintiff LIONEL LEWIS's constitutional rights were violated by, among other things, the employment of excessive force against him by defendant POLICE OFFICERS, causing him to sustain serious physical injury.

26.    Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff LIONEL LEWIS of his constitutional rights under the Fourth Amendment to the U.S. Constitution.

27.    Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff LIONEL LEWIS. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## AS FOR A FIRST CAUSE OF ACTION (EXCESSIVE FORCE)

28.    Plaintiff LIONEL LEWIS repeats and reiterates the allegations contained in paragraphs 1 through 27.

29.    Defendant POLICE OFFICER's striking of plaintiff LIONEL LEWIS with a police vehicle was in violation of the rights guaranteed to the plaintiff LIONEL LEWIS pursuant to the Fourth Amendment of the United States Constitution.

30.    Defendant POLICE OFFICER's striking of plaintiff LIONEL LEWIS with a police vehicle was not reasonable under the circumstances.

31.    The conduct and acts of the defendant POLICE OFFICER were performed under the color state law.

32.    As set forth above, such improper conduct was the custom and practice of the defendant CITY, as the result of the improper training, instruction and/or supervision by defendant CITY of its agents, servants and/or employees, including defendant POLICE OFFICER.

33.    As a result of their conduct, defendant POLICE OFFICERS violated plaintiff LIONEL LEWIS's civil rights and are liable to plaintiff pursuant to 42 U.S.C. §1983.

34.     As a result, plaintiff LIONEL LEWIS suffered physical and mental injuries.

35.     As a result thereof, plaintiff LIONEL LEWIS has been damaged in the sum of One Million

Dollars ($1,000,000).

## FOR A SECOND CAUSE OF ACTION (FALSE ARREST AND IMPRISONMENT)

36.     Plaintiff LIONEL LEWIS repeats and reiterates the allegations contained in paragraphs 1

through 35.

37.     Defendant POLICE OFFICER's conduct in arresting LIONEL LEWIS without probable

cause was in violation of the rights guaranteed to plaintiff LIONEL LEWIS pursuant to the Fourth

Amendment of the United States Constitution.

38.     Plaintiff was falsely held and imprisoned by being handcuffed and detained for 144 hours

as a result of his false arrest. This false imprisonment was perpetuated against plaintiff by agents,

servants and/or other employees of defendants City and NYPD. Defendant POLICE OFFICERS

were acting within the scope of their employment, "under color of law," and on behalf of their

employer, defendants CITY and NYPD.

39.     As set forth above, such improper conduct was a result of a custom or practice of defendant

CITY in its improper training, instruction and/or supervision by defendant CITY of its agents,

servants and/or employees, including defendant POLICE OFFICERS.

40.     As a result of their conduct, defendant POLICE OFFICERS violated plaintiff LIONEL

LEWIS's civil rights and are liable to plaintiff LIONEL LEWIS pursuant to 42 U.S.C. §1983.

41.     As a result, plaintiff LIONEL LEWIS suffered physical and mental injuries.

42.     As a result thereof, plaintiff LIONEL LEWIS has been damaged in the sum of One Million

dollars ($1,000,000).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

1.    Enter a judgment that defendants, by their actions, violated plaintiff's rights under state law, and under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States;

2.    Enter a judgment, jointly and severally, against defendant POLICE OFFICERS, the City of New York, and the New York City Police Department for compensatory damages for the First and Second causes of actions each for the amount of TWO MILLION ($2,000,000) DOLLARS;

3.    Enter a judgment, jointly and severally against defendant POLICE OFFICERS, the City of New York, and the New York City Police Department for punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000) DOLLARS; and

4.    Enter an Order:

   a.   Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. §1988;

   b.   Granting such other and further relief, which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
October 24, 2018

HOWARD D. SIMMONS, ESQ.
Attorney for Plaintiff
225 Broadway, Suite 1700
New York, NY 10007
(212) 233-1486
(HDS-9034)