USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL LEWIS,

        Plaintiff,

- against -

CITY OF NEW YORK et al.

        Defendants.

18cv5510 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Lionel Lewis, brings this action under 42 U.S.C. § 1983 against the City of New York, the New York City Police Department ("NYPD"), Police Officer M. Raleigh of the 23rd Precinct, and two John Doe defendants (collectively, the "defendants"). The plaintiff alleges excessive force and false arrest and false imprisonment. The defendants have moved to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, the defendants' motion to dismiss the amended complaint is **granted in part** and **denied in part**.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

II.

The following factual allegations in the plaintiff's amended complaint are accepted as true for purposes of this motion to dismiss.

On June 24, 2015 at 10:30 PM, the defendant police officers struck the plaintiff with their police car while the plaintiff was riding his bike. Am. Compl. ¶¶ 14-15. The plaintiff suffered "a broken wrist, fractured ribs, and bruised knees." Id. ¶ 16. The defendant police officers placed the plaintiff in handcuffs and transported him to Metropolitan Hospital for treatment. Id. ¶¶ 17-18. Thereafter, the plaintiff was arrested and transported to Rikers Island Correctional Facility. Id. ¶ 19. On June 30, 2015, the plaintiff pleaded guilty to the charge of criminal possession of stolen goods and was sentenced to time served. Kelly Decl. Ex. A; Mem. at 13.[1]

The plaintiff alleges his arrest and injuries were the result of "a policy and custom of deliberate indifference to the rights of persons in [the NYPD's] domain." Am. Compl. ¶ 23. The plaintiff further alleges both the City of New York and the NYPD knew of the defendant police officers' tendencies to make

---

[1] "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)...." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998); see also Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005) (taking judicial notice of the defendant's prosecution in deciding a 12(b)(6) motion to dismiss).

3

unlawful arrests and use excessive force but failed to take any preventative or corrective measures. Id.

On June 19, 2018, the plaintiff filed his initial complaint in this case against the City of New York, the NYPD, and ten John Doe defendants. Dkt. No. 1. On October 24, 2018, the plaintiff filed the amended complaint naming Officer Raleigh as a defendant and reducing the number of John Doe defendants to two. The defendants now move to dismiss the amended complaint.

### III.

The defendants argue that the plaintiff's amended complaint should be dismissed for various reasons discussed below.

### A.

The plaintiff names the NYPD as a defendant in this case. Pursuant to the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency." N.Y.C. Charter Ch. 17 § 396. Accordingly, the plaintiff's claims against the NYPD must be dismissed because the NYPD is a not a suable entity. Johnson v. N.Y.C. Police Dep't, 651 F. App'x 58, 60 (2d Cir. 2016).

### B.

The defendants argue that the plaintiff's claims for false arrest and false imprisonment should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) because the plaintiff

4

pleaded guilty in his initial criminal proceedings. The plaintiff does not oppose the defendants' arguments. Therefore, the plaintiff's claims of false arrest and false imprisonment are **dismissed with prejudice**. See, e.g., Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may . . . infer . . . that relevant claims or defenses that are not defended have been abandoned.").

### C.

The defendants argue that the plaintiff's excessive force claims against defendant Raleigh and the two John Doe defendants are barred by the statute of limitations.

### 1.

The statute of limitations for § 1983 actions that accrued in New York State is three years. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (citing N.Y. C.P.L.R. § 214 (McKinney 2013)); see also Owens v. Okure, 488 U.S. 235, 240 (1989) (noting that courts must "borrow and apply to all § 1983 claims the . . . state statute of limitations" for personal-injury torts). Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Hogan, 738 F.3d at 518 (quoting Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002)); see Berman v. Perez, No. 17cv2757, 2018 WL 565269, at *2 (S.D.N.Y. Jan. 24, 2018). In this case, the accrual date for the plaintiff's excessive force

claims is June 24, 2015 -- the date of the plaintiff's injuries -- and therefore the statute of limitations expired on June 24, 2018.

The plaintiff timely filed his original complaint on June 19, 2018, naming the City of New York, the NYPD, and ten John Does as defendants. On October 24, 2018, after the statute of limitations had expired, the plaintiff filed an amended complaint that added Officer Raleigh as a defendant. The defendants argue that the plaintiff's addition of Officer Raleigh is untimely because he was not named as a defendant within the statute of limitations.

"Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Hogan, 738 F.3d at 517 (internal quotation marks omitted). The statute of limitations therefore required the plaintiff to amend his complaint to name Officer Raleigh by June 30, 2018. See id. The plaintiff did not amend his complaint to identify Officer Raleigh as one of the John Does until October 24, 2018. Accordingly, the plaintiff's action against the individual defendants is time barred unless the amended complaint relates back to his original complaint. See Berman 2018 WL 565269 at *2.

6

Rule 15(c)(1) of the Federal Rules of Civil Procedure governs when an amended pleading may relate back to the date of the original pleading. Rule 15(c)(1)(A) provides that an amended pleading relates back when "the law that provides the applicable statute of limitations allows relation back."[2]

Section 1024 of the New York Civil Practice Law and Rules provides relation back for amendments naming John Doe defendants when the pleading party (1) "exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name" and (2) "described the John Doe party 'in

---

[2] Neither Rule 15(c)(1)(B) nor (C) applies in this case. Rule 15(c)(1)(B), which provides that an amended pleading relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading," does not apply here because the plaintiff seeks to add a new party which is covered by Rule 15(c)(1)(C), which adds additional requirements to those contained in Rule 15(c)(1)(B). See Hahn v. Office & Prof'l Emps. Int'l Union, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015); see also Berman 2018 WL 565269 at *3 n3.

Rule 15(c)(1)(C) provides relation back for amendments that identify John Doe defendants only if the plaintiff failed to identify the John Doe defendant in the original complaint because of a mistake of identity. Hogan, 738 F.3d at 518. Rule 15(c)(1)(C) does not permit relation back where "the newly added defendants were not named originally because the plaintiff did not know their identities." Id. at 517. There is no indication here that the plaintiff's failure to identify Officer Raleigh in the original complaint was the result of mistaken identity. Rather, it appears the plaintiff identified the defendants who allegedly used excessive force on June 24, 2015 as John Does in his original complaint because he did not know their identities. Rule 15(c)(1)(C) therefore does not permit relation back here.

such form as will fairly apprise the party that he is the intended defendant.'" Hogan, 738 F.3d at 519 (quoting Bumpus v. N.Y.C. Transit Auth., 883 N.Y.S.2d 99, 104 (2d Dep't 2009)) (brackets omitted); see also Berman, 2018 WL 565269 at *3.

The parties dispute the extent to which the plaintiff exercised due diligence in satisfaction of the first § 1024 requirement. The plaintiff claims he experienced difficulty communicating with his counsel due to his incarceration for an unrelated matter. Opp. at 5. The plaintiff further claims to have ordered the original case file from the clerk's office "on numerous occasions in the months preceding the filing of the amended complaint," but that he only received the file in October 2018. Id. In response, the defendants argue that none of the plaintiff's steps to discover Officer Raleigh's identity occurred during the three years between the incident and June 2018. Reply at 2. The defendants also argue that by failing to engage in "any kind of pre-action discovery" such as filing a Freedom of Information Law request, the plaintiff automatically failed to exercise due diligence. Id. at 2-3.

The parties do not point to any allegations in the complaint that discuss the plaintiff's diligence or lack of diligence in identifying Officer Raleigh and have not submitted any affidavits to support their arguments. The statute of limitations is an affirmative defense that can only be granted

when it is clear that the action is barred on the face of the complaint. Harris v. City of New York, 186 F.3d 243, 250 (2d. Cir. 1999); see also Smith v. City of New York, 1 F. Supp. 3d 114, 118 (S.D.N.Y. 2013). Because the plaintiff's complaint does not contain allegations that he failed to exercise due diligence before the statute of limitations ran, such an affirmative defense is not applicable at this time. Therefore, the motion to dismiss the excessive force claims against Officer Raleigh and the two John Doe defendants is **denied without prejudice** to being raised at a later time.

### D.

The defendants also move to dismiss the excessive force claims against Officer Raleigh on the merits by asserting a lack of personal involvement. This argument is without merit.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted); see also Estevez v. City of New York, No. 16cv073, 2017 WL 1167379 at *6 (S.D.N.Y. Mar. 28, 2017). In this case, the amended complaint alleges that Officer Raleigh was personally involved in the alleged deprivation of the plaintiff's constitutional rights. Indeed, the complaint makes clear it was Officer Raleigh who, along with two other John Does, rammed into the plaintiff with a police cruiser while

9

the plaintiff was riding his bike at night, and then placed handcuffs on the plaintiff despite the plaintiff's allegedly broken wrist. The exact details of the incident, such as whether it was Officer Raleigh who put the handcuffs on the plaintiff, can be resolved during discovery.

**E.**

Lastly, the defendants move to dismiss the plaintiff's claims against the City of New York.

Under Monell v. Department of Social Services, 436 U.S. 658 (1978), municipalities such as the City of New York may be liable for damages under § 1983 for injuries inflicted pursuant to a government policy or custom. See City of Okla. City v. Tuttle, 471 U.S. 808, 810 (1985). A plaintiff may establish the existence of a municipal policy or custom by showing the municipality failed to train its employees properly such that "'the failure to train amounts to deliberate indifference to the rights' of those with whom municipal employees will come into contact." Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)); see also Ochoa v. Bratton, No. 16cv2852, 2017 WL 5900552, at *4 (S.D.N.Y. Nov. 28, 2017).

The plaintiff's allegations of an unconstitutional municipal policy are wholly conclusory. They merely recite the necessary elements of the claim rather than tie the claim to

10

specific factual allegations. See, e.g., Am. Compl. ¶ 23. However, the plaintiff's opposition brief suggests the possibility that the plaintiff may be able to amend his complaint to plead sufficient factual allegations to state a claim for culpability on the part of the City of New York. Therefore, the plaintiff's claim against the City of New York is **dismissed without prejudice.** The plaintiff may file a second amended complaint within twenty-one days from the date of this Opinion.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendants' motion to dismiss is **granted in part** and **denied in part.**

The plaintiff may file an amended complaint within twenty-one days after the date of this Opinion.

The Clerk of Court is directed to close all pending motions.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 1, 2019**

_____
**John G. Koeltl**
**United States District Judge**