```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-24-2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIONEL LEWIS,

                    Plaintiff,

    - against -

CITY OF NEW YORK, ET AL.,

                    Defendants.

18-cv-5510 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Lionel Lewis, brought this action under 42 U.S.C. § 1983, against Police Officer M. Raleigh of the 23rd Precinct, and two John Doe defendants (collectively, the "individual defendants"), the City of New York, and the New York City Police Department ("NYPD"), alleging excessive use of force, false arrest, and false imprisonment. This Court previously granted in part and denied in part a motion to dismiss by the defendants pursuant to Fed. R. Civ. P. 12(b)(6), thereby dismissing the plaintiff's false arrest and false imprisonment claims and dismissing the NYPD and the City of New York as defendants. The defendants have now moved for summary judgment on the plaintiff's remaining claims against Officer Raleigh and the two John Doe defendants.

    Despite being represented by counsel, and despite this Court sua sponte granting an extension to file, the plaintiff has failed to respond to the defendants' motion for summary

1

judgment, supporting submissions, or subsequent letter. For the reasons that follow, the defendants' motion for summary judgment is granted.

I.

The following facts are taken from the plaintiff's amended complaint, the declarations and exhibits filed in connection with the motion, and the defendants' Local Rule 56.1 statement, and are undisputed unless otherwise noted.[1]

On the evening of June 24, 2015, while the plaintiff was riding a bicycle in New York City, he heard someone ordering him to "pull over." Defs.' 56.1 Stmt. ¶¶ 1-3; Pellegrino Decl. Ex. A., at 20-21, 37.[2] The plaintiff reported turning to his left to see two officers inside a police car: Officer Desire, who had told the plaintiff to pull over, in the passenger's seat, and Officer Raleigh, in the driver's seat. Defs.' 56.1 Stmt. ¶¶ 4-6; Pellegrino Decl. Ex. A, at 38. The plaintiff reported responding, "Pull over for what?," and then speeding up on the bike. Pellegrino Decl. Ex. A, at 38-39. Officer Raleigh reported that he initially noticed the plaintiff because the

---

[1] The plaintiff, who is represented by counsel, failed to respond to or contest the defendants' Rule 56.1 Statement. Nevertheless, the Court is required to assure that the representations in the defendants' Local Rule 56.1 Statement are supported in the record. See Fed. R. Civ. P. 56(c), (e); Holtz v. Rockefeller & Co., 258 F.3d 62, 74 & n.1 (2d Cir. 2001).

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

plaintiff was not biking in the bike lane. Pellegrino Decl. Ex. B., at 10. Officer Raleigh attempted to cut off the plaintiff's path, and the plaintiff alleges that he was struck by the police car and fell. Pellegrino Decl. Ex. A, at 40-41; Defs.' 56.1 Stmt. ¶¶ 8-10. Officer Raleigh denies that he struck the plaintiff with the police car. Pellegrino Decl. Ex. B, at 13.

In his deposition, the plaintiff reported that as a result of the collision and fall, he "fractured [his] wrist," but then got up, and started running. Pellegrino Decl. Ex. A at 39, 41. The plaintiff stated that someone behind him "knocked [him] down to the floor, and told [him] to put [his] hands behind [his] back, and started punching [the plaintiff] in [his] ribs" and that more officers arrived and "started punching [him]." Id. at 39, 52.[3] It is uncontested that it was Officer Desire that ran after the plaintiff. Id. at 53; Pellegrino Decl. Ex. B, at 14. The plaintiff reported that the "driver" (Officer Raleigh) "could not get out and catch [him]" quickly, and so "the passenger" (Officer Desire) "ran [the plaintiff] down and tackled [him] to the floor" and "started punching [him]." Pellegrino Decl. Ex. A, at 52-53. The plaintiff claimed in his

---

[3] The plaintiff alleged in his amended complaint that, as a result of the collision, the plaintiff suffered "a broken wrist, fractured ribs, and bruised knees." Am. Compl. ¶ 16. However, the plaintiff failed to comply with discovery requests, including providing relevant medical records. ECF No. 65.

deposition that "three or four" other police cars with other officers arrived. Id. at 53.

According to Officer Raleigh, by the time Officer Raleigh caught up to the plaintiff and Officer Desire, the plaintiff was already in handcuffs and was being walked back to the police car. Pellegrino Decl. Ex. B, at 15. Officer Raleigh denies that the plaintiff told him that he was injured or in pain. Id. Although Officer Desire was the officer who apprehended the plaintiff, Officer Raleigh was listed as the arresting officer in the case on the arrest report. Pellegrino Decl. Ex. B, at 14; Ex. D, at 3. In addition, Officer Raleigh is listed as the arresting officer on the New York Criminal Court Complaint for the plaintiff's prosecution in docket number 2015NY040317, and was mentioned at the plaintiff's June 25, 2015 New York State Criminal Court appearance. Pellegrino Decl. Ex. E; Ex. F, at 2.

The plaintiff first met with Howard Simons, Esq., the plaintiff's lawyer in this case, on or around July 1, 2016. Defs.' 56.1 Stmt. ¶ 12; Pellegrino Decl. Ex. A, at 91.

On June 19, 2018, the plaintiff filed his initial complaint in this case against the City of New York, the NYPD, and ten John Doe defendants. ECF No. 1. On October 24, 2018, the plaintiff filed the amended complaint naming Officer Raleigh as a defendant and reducing the number of John Doe defendants to

two. ECF No. 11. The defendants then moved to dismiss the amended complaint. ECF No. 14.

By Memorandum Opinion and Order, issued on July 2, 2019, this Court granted in part and denied in part the defendants' motion to dismiss the amended complaint. The Court dismissed the NYPD as a defendant, because, pursuant to the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency." Lewis v. City of New York, No. 18-cv-5510, 2019 WL 2766503, at *2 (S.D.N.Y. July 2, 2019) (quoting N.Y.C. Charter Ch. 17 § 396); see also Johnson v. N.Y.C. Police Dep't, 651 F. App'x 58, 60 (2d Cir. 2016). The Court also dismissed without prejudice the City of New York as a defendant because the plaintiff had failed to plead facts sufficient to establish an injury inflicted pursuant to an unconstitutional municipal policy or custom. Lewis, 2019 WL 2766503, at *4. The Court also concluded that the plaintiff's claims against the individual defendants were time-barred, unless his amended complaint related back to his original complaint. However, because the question of whether the plaintiff's claims against the individual defendants in the amended complaint related back to his original complaint could not be determined on the face of the amended complaint,

the Court denied the motion to dismiss the complaint without prejudice.

By letter, dated July 18, 2019, the plaintiff informed the Court that he did not seek the opportunity to file a second amended complaint, no longer intended to pursue his claims against the City of New York, and sought to proceed only against the individual police officer defendants. ECF No. 31.

The remaining defendants then moved for summary judgment. The plaintiff's response to the defendants' motion was due on January 29, 2021, but when no response was filed, this Court extended the time for the plaintiff to file until February 26, 2021. ECF No. 72. Neither the plaintiff, nor the plaintiff's counsel have responded either to the defendant's motion, nor the defendants' subsequent letter to the court. ECF No. 73.

## II.

The standard to be applied to a motion for summary judgment is well-established. Courts are instructed to grant a motion for "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Cartrett, 477 U.S. 317, 322-23 (1986). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not

to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). The Court's "duty, in short, is confined at this point to issue-finding," and "does not extend to issue-resolution." Id.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party." Soto v. Gaudett, 862 F.3d 148, 157 (2d Cir. 2017). If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely

7

simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993). "Even unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)).

### III.

Based on a review of the record, the plaintiff's claims against Officer Raleigh and the two remaining John Doe defendants are time-barred.

Generally, Section 1983 claims based on events that occurred within New York State have a three-year statute of limitations period. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); Berman v. Perez, No. 17-cv-2757, 2018 WL 565269, at *2 (S.D.N.Y. Jan. 24, 2018). The statute of limitations for such Section 1983 actions begins to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of [the plaintiff's] action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). Because the plaintiff was subjected to the alleged use of excessive force on June 24, 2015, the statute of

8

limitations for bringing such claim would ordinarily have expired on June 24, 2018.

The plaintiff initiated this action before the statute of limitations expired, filing a timely complaint on June 19, 2018. However, the plaintiff did not name Officer Raleigh (or Officer Desire) in the original complaint, and instead only named "John Doe" police officers as the defendants.

Generally, "'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Hogan, 738 F.3d at 517. As such, after the statute of limitations has passed, John Doe substitutions may generally only be valid if the claims relate back to the original complaint and the requirements of Fed. R. Civ. P. 15(c) are met. Id. The Second Circuit Court of Appeals has also recognized that Rule 15(c)(1)(A) permits certain plaintiffs to take advantage of the more lenient New York State relation-back standard for substituting unknown defendants under N.Y. C.P.L.R. § 1024. Under that standard, a plaintiff may initiate a law suit against a John Doe defendant and toll the statute of limitations for the unnamed defendant, provided (1) the plaintiff "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name," and (2) the party described the John Doe party "in such form as will fairly apprise the

9

party that [he] is the intended defendant." Hogan, 738 F.3d at 519.

This Court previously denied the defendants' motion to dismiss the plaintiff's claims against individual defendants as time-barred, because the statute of limitations is an affirmative defense that can only be granted when it is clear that the action is barred on the face of the complaint and the parties did not identify any allegations in the complaint that discussed the plaintiff's diligence (or lack thereof) in identifying Officer Raleigh. Lewis, 2019 WL 2766503, at *4. In addition, the parties had not supported their respective positions with any affidavits. Id.

However, at the summary judgment stage, it is clear that the plaintiff and his counsel failed to exercise the necessary minimum due diligence to identify Officer Raleigh (or any other John Doe defendant) within the limitations period.

The plaintiff testified that he first met with his lawyer on or around July 1, 2016—nearly two years before the statute of limitations period expired for his claims against the individual defendants. Pellegrino Decl. Ex. A, at 91. Given the absence of evidence in the record of any pre-action discovery or diligence, such as filing a Freedom of Information Law request, as well as the fact that Officer Raleigh was mentioned as the arresting Officer on the plaintiff's Criminal Complaint, the plaintiff and

10

his counsel have failed to demonstrate they engaged in the minimum level of due diligence required to benefit from N.Y. C.P.L.R. § 1024's more lenient relation back standard. See Holden v. Port Auth. of New York & New Jersey, No. 17-cv-2192, 2021 WL 681040, at *13 (S.D.N.Y. Feb. 22, 2021) (concluding that plaintiffs cannot add a defendant using N.Y. C.P.L.R. § 1024 after the statute of limitations has expired when that defendant's identity was known to them before the statute of limitations period expired); Gonzalez v. City of N.Y., No. 14-cv-7721, 2015 WL 6873451, at *3 (S.D.N.Y. Nov. 9, 2015) ("Where, as here, nothing in the record indicates that Plaintiff exercised due diligence before the statute of limitations expired, she may not use the 'John Doe' procedure in § 1024."); Temple v. N.Y. Cmty. Hosp. of Brooklyn, 933 N.Y.S.2d 321, 322 (App. Div. 2011) ("To make use of the 'John Doe' procedure delineated in CPLR 1024, parties must demonstrate that they have exercised due diligence, prior to the running of the statute of limitations to identify the defendant by name and, despite such efforts, are unable to do so.").

In the plaintiff's papers opposing the motion to dismiss, the plaintiff's counsel stated that he was "hindered in the investigation of the case" because the plaintiff was incarcerated for an unrelated matter, and the plaintiff's counsel claimed to have ordered the "original case file" from

11

the "archives at the clerk's office at 100 Centre Street on numerous occasions," and that he only received the file in October 2018. ECF No. 26, at 5. Those representations have not been supported by any affidavits. Furthermore, it is unclear why the plaintiff and the plaintiff's counsel would not have had access to the Criminal Complaint from the plaintiff's New York State Court Criminal proceedings, which listed Officer Raleigh as the arresting officer and would thus have been sufficient to have identified Officer Raleigh within the statute of limitations period. Pellegrino Decl. Ex. E, at 3. In addition, although the Court Reporter misspelled Officer Raleigh's name in the transcript, Officer Raleigh was mentioned at the plaintiff's June 25, 2015 criminal proceeding. Pellegrino Decl. Ex. F, at 3. Further, the plaintiff's counsel did not describe when his initial request for the plaintiff's case file was first filed, nor did he explain why other methods (such as a Freedom of Information Law request) were not pursued.

Moreover, the plaintiff and his counsel have failed to respond to the defendants' motion for summary judgment and Local Rule 56.1 Statement and have failed to provide sworn affidavits or declarations to supplement the evidence in the record. Cf. Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam) ("An attorney's unsworn statements in a brief are not evidence."). As a result of this failure, because the plaintiff

12

and his counsel have not provided any evidence to show that even minimal due diligence was conducted to identify Officer Raleigh before the running of the statute of limitations period, the plaintiff cannot rely on N.Y. C.P.L.R. § 1024 to avoid dismissal of the claims against Officer Raleigh as bared by the statute of limitations. Strada v. City of New York, No. 11-CV-5735, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014). Similarly, the plaintiff has failed to name the two John Doe defendants within the statute of limitations, and has still not done so, and has failed to present any basis under N.Y. C.P.L.R. § 1024 for his failure to do so.[4]

Because the plaintiff's claims against the individual defendants are time-barred, it is unnecessary to reach the defendants' arguments on the merits.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the reasons explained above, the defendants' motion for summary

---

[4] The defendants also argue that the plaintiff's claims fail to satisfy the relation back requirements of N.Y. C.P.L.R. § 1024, because the plaintiff allegedly failed to serve Officer Raleigh within 120 days of filing the amended complaint, as generally required by N.Y. C.P.L.R. § 306-b. Because the plaintiff failed to exercise due diligence to identify Officer Raleigh by name is fatal to the plaintiff's attempt to relate back his claim against Officer Raleigh under Rule 15(C)(1)(C) and N.Y. C.P.L.R. § 1024, it is unnecessary to reach the defendants' arguments regarding Section 306-b.

judgment is granted. The Clerk is directed to enter Judgment dismissing this case with prejudice. The Clerk is also directed to close Docket No. 68 and to close this case.

SO ORDERED.

Dated:   New York, New York
         May 24, 2019

                                    _____
                                         John G. Koeltl
                                    United States District Judge